Douglas R. Ricks, OSB 044026
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR 97204
Telephone: 503-241-4869
Fax: 503-241-3731

Of Attorneys for Debtor-in Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 20-32571-dwh11 |
|---|---|
| U.S. Outdoor Holding LLC | MOTION FOR AUTHORITY TO PAY PREPETITION PAYROLL, PAYROLL TAXES, EMPLOYEE HEALTH INSURANCE PREMIUMS AND WORKERS' COMPENSATION PREMIUMS |
| Debtor-in-Possession. | **Expedited Hearing Requested** |

**NOTICE**

This Motion is an *ex parte* First Day Motion in a Chapter 11 bankruptcy. If you oppose the proposed course of action or relief sought in this Application. If the Bankruptcy Court sets a hearing, you will receive a separate notice listing the hearing date, time, and other relevant information. The notice of hearing will also provide you with the deadline to file a written objection with the Clerk of the Bankruptcy Court at 1050 SW 6th Avenue #700, Portland, OR 97204 and advise that you must also serve at the same time the objection on Debtor-in-Possession, c/o Douglas R. Ricks, Vanden Bos & Chapman, LLP, 319 SW Washington Street, Suite 520, (503) 241-4869.
Page 1 of 6    MOTION FOR AUTHORITY TO PAY PREPETITION PAYROLL, PAYROLL TAXES, EMPLOYEE
HEALTH INSURANCE PREMIUMS AND WORKERS' COMPENSATION PREMIUMS
**Expedited Hearing Requested**

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-32571-dwh11    Doc 12    Filed 09/04/20

## MOTION

The Debtor-in-Possession, U.S. Outdoor Holding LLC ("Debtor"), requests entry of an order authorizing the Debtor to pay prepetition payroll, payroll taxes, employee health insurance premiums and workers' compensation insurance premiums associated with its current payroll (for the period August 30, 2020 through September 12, 2020) on next regularly scheduled payday (September 16, 2020) and also to pay other compensation to its employees, such as vacation and paid leave and all other employee benefits, in the ordinary course of business, and in support, represents and states:

1. On September 4, 2020, the Debtor commenced a reorganization case by the filing of a voluntary petition under Chapter 11 of the United States Bankruptcy Code (the "Code").

2. Pursuant to Sections 1107 and 1108 of the Code, the Debtor is continuing in possession of its property and is operating and managing its business as a Debtor-in-Possession.

3. Debtor seeks authority to pay any prepetition wages, commissions, other compensation, vacation and paid leave, federal and state withholding taxes, payroll taxes, and all other employee benefits that the Debtor pays in the ordinary course of business. Debtor also seeks authority to honor prepetition checks for wages, commissions, payroll taxes, employee health insurance premiums and workers' compensation insurance premiums which may not have cleared the bank by the Petition date. Such pre-petition obligations are hereafter referred to as the "Payroll Obligations."

4. In the case of Payroll Obligations, Debtor requests authority to pay these amounts on the next regularly scheduled payday, which is September 16, 2020. The

Page 2 of 6    MOTION FOR AUTHORITY TO PAY PREPETITION PAYROLL, PAYROLL TAXES, EMPLOYEE HEALTH INSURANCE PREMIUMS AND WORKERS' COMPENSATION PREMIUMS
**Expedited Hearing Requested**

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-32571-dwh11    Doc 12    Filed 09/04/20

amount of Payroll Obligations which Debtor seeks authority to pay will be detailed in **Exhibit 1** attached to the Proposed Order. The amounts that Debtor requests authority to pay is limited to the priority amount of 11 USC § 507(a) and is limited to the current pay period (August 30, 2020 through September 12, 2020). With respect to other compensation, vacation and paid leave and all other employee benefits, Debtor requests authority to pay these amounts in the ordinary course of business. The amounts that Debtor requests authority to pay is limited to the priority amount of 11 USC § 507(a) and is limited to the current pay period (August 30, 2020 through September 12, 2020.

5. Pursuant to Code Sections 507(a)(4), 507(a)(5), and 105, and the judicially recognized "necessity of payment doctrine," Debtor requests authority to pay any prepetition wages, commissions, other compensation, vacation and paid leave, federal and state withholding taxes, payroll taxes, contributions to employee-benefit plans, and all other employee benefits that the Debtor pays in the ordinary course of business.

6. The gross amount due for the pay period for Payroll Obligations for the September 16, 2020 payday is $10,033.46. The total amount of Debtor's request, including paid time off, is $11,960.43. Debtor's request includes management payroll earned during the pay period due Edward A. Arinello.

## ARGUMENT

As the Court stated in *In re Ionosphere Clubs, Inc.*, 98 B.R. 174 (Bankr. S.D.N.Y. 1989), "the paramount policy and goal of Chapter 11, to which all other bankruptcy policies are subordinated, is the rehabilitation of the Debtor. This policy was clearly articulated by the United States Supreme Court in *NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed. 2d 482 (1984) when the Court stated, 'the fundamental purpose of

Page 3 of 6   MOTION FOR AUTHORITY TO PAY PREPETITION PAYROLL, PAYROLL TAXES, EMPLOYEE HEALTH INSURANCE PREMIUMS AND WORKERS' COMPENSATION PREMIUMS
**Expedited Hearing Requested**

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-32571-dwh11    Doc 12    Filed 09/04/20

reorganization is to prevent the debtor from going into liquidation, with an attendant loss of jobs and possible misuse of economic resources.'" *In re Ionosphere* at 176-177 (citations omitted). The *Ionosphere* Court went on to note that "Section 105 may indeed empower the Bankruptcy Courts to authorize the immediate payment of prepetition claims when essential to the survival of a debtor." Id. at 177; see also *In re Baldwin United Corp.*, 765 F.2d 343, 348 (2d Cir. 1985).

Like the Court in *Ionosphere*, the Bankruptcy Court in *In re Chateaugay Corp.*, 80 B.R. 279 (S.D.N.Y. 1987), authorized the Debtor to pay certain prepetition wages, salaries, reimbursement expenses and employment benefits, as well as certain workers compensation obligations, which claims totaled in excess of $250 million. A group of similarly situated creditors (who the debtor did not seek authorization to pay) attacked the Court's order on grounds that such selective payments violated Section 507 of the Code. On appeal, the District Court rejected this argument and explained:

> "A rigid application of the priorities of §507 would be inconsistent with the fundamental purpose of reorganization and of the Act's grant of equity powers to bankruptcy courts, which is to create a flexible mechanism that will permit the greatest likelihood of survival of the debtor and payment of creditors in full or at least proportionately."

The District Court thus upheld the Bankruptcy Court's order, which had concluded that if sound business judgment exists to pay certain prepetition claims, and the payments serve to preserve and maximize the value of the debtor's estate, the Court should authorize the payments. Id. at 282.

In *In re Gulf Air, Inc.*, 112 B.R. 152 (Bankr. W.D. La. 1989), the Court applied the "necessity of payment" doctrine and authorized the debtor to pay certain prepetition employee claims. In *Gulf Air*, the debtor (a charter air carrier) sought authority to pay all

Page 4 of 6   MOTION FOR AUTHORITY TO PAY PREPETITION PAYROLL, PAYROLL TAXES, EMPLOYEE HEALTH INSURANCE PREMIUMS AND WORKERS' COMPENSATION PREMIUMS
**Expedited Hearing Requested**

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-32571-dwh11    Doc 12    Filed 09/04/20

prepetition amounts owed to salaried and hourly employees, and flight crew members, including their prepetition expenses.  Furthermore, the debtor sought authority to pay prepetition health and life insurance premiums for employees and their dependents, in addition to workers' compensation.

The debtor in that case asserted that the success of the reorganization was dependent upon continued employment of its skilled employees.  Without immediate payment to the employees, the employees would cease working, thereby leaving the debtor incapable of operating.  The Court determined that the immediate payment of the employee claims was in the best interest of the debtor and its estate and authorized the debtor to pay the prepetition employee claims.

Debtor represents a similar scenario.  Debtor operates a sporting and athletic gear, equipment, and supplies store in Multnomah County, Oregon.  Debtor sells sporting and athletic gear, equipment, and supplies to the general public and other associated products to the public.  Debtor is unable to pay its employees.  The employees will suffer hardship and likely cease working.  Much of Debtor's revenues are a result of its contracts to sell its sporting and athletic gear, equipment, and supplies, which are sold by Debtor's employees to the general public.  If Debtor fails to continue work at its operation site, Debtor will not be able to fulfill customer orders, will cease receiving gear, equipment and supplies under Debtor's contracts with suppliers, and runs the risk that contracts may be terminated for cause.  The loss of the revenue stream from those sources would inhibit a successful reorganization and devalue the estate significantly.

Debtor maintains a significant amount of inventory in the form of athletic and sporting gear, equipment and supplies.  Without workers to maintain, care for, and sell the seasonal

Page 5 of 6    MOTION FOR AUTHORITY TO PAY PREPETITION PAYROLL, PAYROLL TAXES, EMPLOYEE HEALTH INSURANCE PREMIUMS AND WORKERS' COMPENSATION PREMIUMS
**Expedited Hearing Requested**

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-32571-dwh11    Doc 12    Filed 09/04/20

inventory, the seasonal inventory could sustain a precipitous drop in value, and much of it would in a short time become worthless. This would also have a detrimental effect on the value of the estate, and on the chances of a successful reorganization.

Allowing Debtor to pay its employees' prepetition claims is necessary to both preserve the value of the estate and to put Debtor in a position in which it can successfully reorganize.

WHEREFORE, Debtor respectfully requests that this Court enter an Order in the proposed form (attached hereto as **Exhibit A**) allowing Debtor to pay the payroll and other payroll related items referred to herein.

DATED: September 4, 2020

VANDEN BOS & CHAPMAN, LLP

By: /s/Douglas R. Ricks
    Douglas R. Ricks, OSB 044026
    Of Attorneys for Debtor-in-Possession

Page 6 of 6   MOTION FOR AUTHORITY TO PAY PREPETITION PAYROLL, PAYROLL TAXES, EMPLOYEE HEALTH INSURANCE PREMIUMS AND WORKERS' COMPENSATION PREMIUMS
**Expedited Hearing Requested**

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-32571-dwh11    Doc 12    Filed 09/04/20

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 20-32571-dwh11 |
|---|---|
| U.S. Outdoor Holding LLC | **[PROPOSED]** ORDER AUTHORIZING DEBTOR TO PAY PREPETITION PAYROLL, PAYROLL TAXES, EMPLOYEE HEALTH INSURANCE PREMIUMS, AND WORKERS' COMPENSATION INSURANCE PREMIUMS AND OTHER EMPLOYEE EXPENSES |
| Debtor-in-Possession. | |

Based on the Debtor-in-Possession's Motion for Authority to Pay Prepetition Payroll, Payroll Taxes, Employee Health Insurance Premiums and Workers' Compensation Premiums (Doc ___) ("Motion"), and the Court finding good cause exists for granting the Motion,

IT IS HEREBY ORDERED as follows:

1. The Motion is granted.

2. The Debtor-in-Possession, U.S. Outdoor Holding LLC ("Debtor"), is authorized to pay its employees their full paychecks for the pay period from August 30, 2020 through

Page 1 of 3   [PROPOSED] ORDER AUTHORIZING DEBTOR TO PAY PREPETITION PAYROLL, PAYROLL TAXES, EMPLOYEE HEALTH INSURANCE PREMIUMS, AND WORKERS' COMPENSATION INSURANCE PREMIUMS AND OTHER EMPLOYEE EXPENSES

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

EXHIBIT A - Page 1 of 4   Case 20-32571-dwh11   Doc 12   Filed 09/04/20

and including September 12, 2020, that are due on September 16, 2020 payday. In no event shall the Debtor be authorized to pay an employee an amount greater than the limit set forth in 11 U.S.C. § 507(a)(4) on account of prepetition wages or commissions. Attached as **Exhibit 1** is a summary of the pre-petition payroll obligations (including accrued sick and vacation pay earned within 180 days of the Petition Date) for all employees of the Debtor during the current pay period. None of the amounts listed in the column entitled "Priority Amount" exceed the statutory maximum in 11 U.S.C. § 507(a)(4).

    3.    That Debtor is authorized to pay other compensation, employee benefits due to its employees pre-petition, including allowing employees to take paid vacation time and/or sick leave in the ordinary course of business; provided, however, that such authority is limited to the priority amount of 11 U.S.C. § 507(a)(4)-(5) and is limited to benefits accrued during the 180-day period preceding the Petition Date.

    4.    That Debtor is authorized to pay employer tax obligations, Employee Health Insurance Premiums, and Workers' Compensation Premiums incurred pre-petition for the payroll periods ending on September 12, 2020

###

**PRESENTED BY:**

VANDEN BOS & CHAPMAN, LLP

By:/s/Douglas R. Ricks
    Douglas R. Ricks, OSB 044026
    Of Attorneys for Debtor-in-Possession

**First Class Mail:**

See Attached List. (The original Service List is attached to the original copy filed with the Court only. Creditors may request a copy of the Service List by contacting the undersigned.)

**Electronic Mail:**

The foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system.

Page 2 of 3   [PROPOSED] ORDER AUTHORIZING DEBTOR TO PAY PREPETITION PAYROLL, PAYROLL TAXES, EMPLOYEE HEALTH INSURANCE PREMIUMS, AND WORKERS' COMPENSATION INSURANCE PREMIUMS AND OTHER EMPLOYEE EXPENSES

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

EXHIBIT A - Page 2 of 4   Case 20-32571-dwh11   Doc 12   Filed 09/04/20

**LBR 9021-1 CERTIFICATION**

I certify that I have complied with the requirement of LBR 9021-1(a); Order circulated as Proposed Order to Motion.


By: /s/Douglas R. Ricks
    Douglas R. Ricks, OSB 044026

Page 3 of 3    [PROPOSED] ORDER AUTHORIZING DEBTOR TO PAY PREPETITION PAYROLL, PAYROLL TAXES, EMPLOYEE HEALTH INSURANCE PREMIUMS, AND WORKERS' COMPENSATION INSURANCE PREMIUMS AND OTHER EMPLOYEE EXPENSES

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

EXHIBIT A - Page 3 of 4    Case 20-32571-dwh11    Doc 12    Filed 09/04/20

**PAYROLL**
**U.S. OUTDOOR HOLDING LLC**

| Employee Initials | Gross Wages Owed as of: 9/4/2020 | Employee Taxes Withheld | Employee Ins. Med/Den withheld | Net Wages Owed as of: 9/4/2020 | Vacation Amt Accrued Before: 3/8/20 | Vacation Amt Accrued On or After: 3/8/20 | Sick Amt Accrued Before: 3/8/20 | Sick Amt Accrued On or After: 3/8/20 | Employer Pd Ins. Med Den 9/4/2020 | Employer Paid Taxes 9/4/2020 | ClaimAmt | PriorityAmt |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SA | $1,050.00 | $224.50 | $67.59 | $757.91 | $ - | $ 467.00 | $ - | $ - | $0.00 | $ 75.79 | $1,224.91 | $1,224.91 |
| HB | $540.00 | $120.70 | $0.00 | $419.30 | $ - | $ 166.32 | $ - | $ - | $0.00 | $ 41.93 | $585.62 | $585.62 |
| AC | $660.00 | $0.00 | $0.00 | $660.00 | $ - | $ - | $ 345.00 | $ 30.00 | $0.00 | $ 66.00 | $1,035.00 | $690.00 |
| JB | $953.38 | $200.98 | $0.00 | $752.40 | $ - | $ - | $ 561.51 | $ - | $0.00 | $ 75.24 | $1,313.92 | $752.40 |
| MH | $532.00 | $102.21 | $0.00 | $429.79 | $ - | $ - | $ - | $ 336.00 | $0.00 | $ 42.98 | $765.79 | $765.79 |
| EL | $600.00 | $124.42 | $0.00 | $475.58 | $ - | $ - | $ 37.00 | $ - | $0.00 | $ 47.56 | $512.58 | $475.58 |
| TL | $620.00 | $134.72 | $67.59 | $417.69 | $ - | $ - | $ - | $ - | $0.00 | $ 41.77 | $417.69 | $417.69 |
| OL | $400.00 | $59.72 | $0.00 | $340.28 | $ - | $ - | $ - | $ 536.50 | $0.00 | $ 34.03 | $876.78 | $876.78 |
| AMV | $768.96 | $168.98 | $0.00 | $599.98 | $ - | $ 360.45 | $ - | $ - | $0.00 | $ 60.00 | $960.43 | $960.43 |
| SM | $535.50 | $121.00 | $67.59 | $346.91 | $ - | $ - | $ - | $ 459.00 | $0.00 | $ 34.69 | $805.91 | $805.91 |
| JM | $1,000.00 | $230.66 | $67.59 | $701.75 | $ - | $ 500.00 | $ - | $ - | $0.00 | $ 70.17 | $1,201.75 | $1,201.75 |
| JW | $989.00 | $221.27 | $67.59 | $700.14 | $ 448.04 | $ 1,449.69 | $ - | $ - | $0.00 | $ 70.01 | $2,597.87 | $2,149.83 |

**OWNERS**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| EA | $1,384.62 | $330.87 | $0.00 | $1,053.75 | $ - | $ - | $ - | $ - | $0.00 | $ 105.37 | $1,053.75 | $1,053.75 |
| TOTALS: | $10,033.46 | $2,040.04 | $337.95 | $7,655.47 | $ 448.04 | $ 2,943.46 | $ 943.51 | $ 1,361.50 | $0.00 | $765.55 | $13,351.98 | $11,960.43 |